

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner,
Bureau of Labor Statistics
Austin, Texas

Dear Mr. Reed:                    Opinion No. O-4384

Re: Whether or not any part of Sec-
tion 1, Article 5196, R. C. S.,
is valid.

Your letter asking for an opinion from this De-
partment upon the above subject matter is as follows:

"Article 5196, R.C.S., commonly termed the
Blacklisting Law, states in part that 'Either
or any of the following acts shall constitute
discrimination against persons seeking employ-
ment:

"'1. Where any corporation or receiver
of the same, doing business in this State, or
any agent or officer of any such corporation
or receiver, shall blacklist, prevent or at-
tempt to prevent, by word, printing, sign,
list or other means, directly or indirectly,
any discharged employee, or any employee who
may have voluntarily left said corporation's
services, from obtaining employment with any
other person, company, or corporation, except
by truthfully stating in writing, on request
of such former employee or other persons to
whom such former employee has applied for em-
ployment, the reason why such employee was
discharged, and why his relationship to such
company ceased.'

"In an opinion from your Department dated
July 25, 1941 (No. O-3862), it was stated that
Section 2 of this Article had been declared by
the Supreme Court of Texas to be unconstitu-
tional. Will you please advise this Depart-

ment whether or not the above quoted part of
this Law is still valid, in order that we
may take proper action on a matter now pend-
ing before this Department."

In the case of St. Louis, Southwestern Ry. Co. v.
Griffin, 171 S. W. 703, Chief Justice Brown, speaking for
the court, held that Article 594 of the statutes at that
time was unconstitutional and void, saying:

"The soundness or justice of the reason
which prompts refusal or discharge of an em-
ployee does not affect the question of the
constitutional right to exercise that author-
ity. It may be that the party in acting upon
what is a mere 'whim', i. e., without any
foundation in fact or right; but nevertheless
his constitutional right to deny or terminate
employment exists and the Legislature cannot
for any reason make such action a crime on
the part of the person or corporation exer-
cising that constitutional power. * * *

"The Act is in violation of the Constitu-
tion of this State and of the United States,
and is void."

This Department held in Opinion No. O-3562, to
which you refer, that Section (3) of S. B. No. 253, Regular
Session, 41st Legislature (1929), being the present black-
listing statute, as carried in Vernon's Civil Statutes as
Article 5196, is void.

S. B. No. 253 and old Article 594 are almost
identical in words, and are in substance the same.

The Supreme Court, it will be seen, in the case
above cited did not put its decision of invalidity upon
any particular section of that Act, but after a liberal
reference to the various sections, actually held the en-
tire Act void.

The present Act, therefore, in the light of the
Supreme Court decision, cannot possibly stand. We there-
fore answer your question in the negative -- that is to say,
no part of Article 5196 of Vernon's Codification of the
Civil Statutes is valid.

Honorable John D. Reed - page 3

Trusting this will be a sufficient answer to your inquiry, we are

APPROVED FEB 11, 1942

ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

